**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-09-00054-001-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Romel Bako, | |
| Defendant. | |

Pending before the Court is Defendant Bako's motion to unseal "my case" and motion to restore his rights. (Doc. 220). Because this motion was filed under seal, the Court does not believe the Government received notice of it and the Government has not responded.

Turning first to the motion to unseal, the Court sealed portions of this case in 2009. Nothing in the motion to unseal impacts the reasons the Court previously sealed portions of this case. Thus, there being no change in circumstances that would justifying unsealing at this time, this request will be denied.

Next, Defendant Bako moves to have his rights restored. However, Defendant has cited nothing, and the Court has found nothing that would permit the Court to grant this request. *See United States v. Geyler,* 932 F.2d 1330, 1333 (9th Cir .1991), *abrogated on other grounds by Beecham*, 511 U.S. 368 ("there is no federal procedure for restoring civil rights to a federal felon"); *see also Walker v. United States,* No. 13-1212, 2014 WL 8480446, at *3 (W.D. Tenn. June 5, 2014)*, aff'd,* 800 F.3d 720 (6th Cir. 2015) (same); *see*

*also United States v. Doran,* 113 F.3d 1236 (6th Cir.1997), *cert. denied,* 522 U.S. 896 (denying federal felon's request for a restoration of his civil rights and concluding that "there is no procedure under federal law for what [Defendant] seeks.").

Construing Defendant Bako's filing liberally, it is possible he really seeks to expunge his criminal record. However, nothing in the motion currently pending before the Court justifies this relief. The Ninth Circuit Court of Appeals has instructed:

> We agree with our sister circuits that district courts possess ancillary jurisdiction to expunge criminal records. That jurisdiction flows out of the congressional grant of jurisdiction to hear cases involving offenses against the United States pursuant to 18 U.S.C. § 3231. We do not agree, however, that a district court has the power to expunge a record of a valid arrest and conviction solely for equitable considerations. In our view, a district court's ancillary jurisdiction is limited to expunging the record of an unlawful arrest or conviction, or to correcting a clerical error.
> …
> [Defendant] has not cited, nor has our research disclosed, any statute in which Congress has empowered a district court to reopen a criminal case after its judgment has become final for the purpose of expunging a record of a valid arrest or conviction to enhance a defendant's employment opportunities. We hold that a district court does not have ancillary jurisdiction in a criminal case to expunge an arrest or conviction record where the sole basis alleged by the defendant is that he or she seeks equitable relief. The power to expunge a record of a valid arrest and conviction on equitable grounds must be declared by Congress. The Constitution prohibits federal courts from expanding their own subject matter jurisdiction.

*United States v. Sumner*, 226 F.3d 1005, 1014–15 (9th Cir. 2000). Here, Defendant Bako has not argued his arrest or conviction was unlawful or that a clerical error requires correction.

Based on this record,

**IT IS ORDERED** that the motion to unseal Defendant Bako's whole case (part of Doc. 220) is denied.

**IT IS FURTHER ORDERED** that the motion to restore Defendant Bako's rights (part of Doc. 220) is denied.

**IT IS FURTHER ORDERED** that the motion at Doc. 220 (only) shall be unsealed by the Clerk of the Court.

/ / /

/ / /

**IT IS FINALLY ORDERED** that this Order shall not be sealed.

Dated this 12th day of April, 2022.

James A. Teilborg
Senior United States District Judge